Joseph Samo (SBN 208836)
SAMO LAW GROUP
17190 Bernardo Center Dr #200
San Diego, CA  92128
(619) 672-1741
joe@samolaw.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ENGLE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, an Illinois business entity,<br>Defendant. | Case No:  **'26 CV 2356 W     GC**<br><br>Complaint for:<br><br>1. Breach of Contract,<br>2. Breach of Implied Covenant of Good Faith and Fair Dealing,<br>3. Bad Faith Denial of Insurance Claim<br><br><br>Jury Trial Requested |

Plaintiff William Engle ("Mr. Engle" or "Plaintiff") brings this action against Zurich American Insurance Company ("Zurich" or "Defendant").

///

///

///

1

Complaint

## NATURE OF THIS ACTION

1. Plaintiff brings this action for breach of contract and insurance bad faith arising from Defendant's wrongful denial of a travel insurance claim.

2. Plaintiff purchased a travel insurance policy from Defendant to protect against unforeseen disruptions to an international trip.

3. After Plaintiff purchased the policy and travel arrangements, the cruise line unilaterally changed the final disembarkation location from Switzerland to Germany, requiring Plaintiff and his wife to travel to a different country than originally planned.

4. Despite this significant change in itinerary and Plaintiff's compliance with all policy requirements, Defendant denied the claim without a reasonable basis. Defendant's denial deprived Plaintiff of the benefits of the policy and constitutes a breach of contract and bad faith.

## PARTIES

5. Plaintiff William Engle is an individual living in the County of San Diego, State of California.

6. Defendant Zurich American Insurance Company is a business entity incorporated in the State of Illinois, with its principal place of business in the State of Illinois.

Complaint

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between each plaintiff and defendant, and the amount in controversy exceeds $75,000. Diversity of citizenship exists because Plaintiff lives in the State of California and Defendant is incorporated in the State of Illinois, with its principal place of business in the State of Illinois.

8. This Court has personal jurisdiction over Defendant, and venue is proper in this District, because the insurance policy in question, and the arising claim administration, took place in the County of San Diego, California. Defendant purposefully engaged in insuring travel insurance in the County of San Diego, California.

**FACTS**

9. Plaintiff purchased the "Ultimate Travel protection plan" from Defendant to insure a trip from San Diego, CA to the Netherlands, then a cruise to Switzerland, and a return from Switzerland back to San Diego, CA.

3
Complaint

10. The screenshot below shows how large and emphasized the words "Ultimate" and "Travel protection plan" were displayed on the front page of Defendant's brochure. (Size of font in the original)



11. Plaintiff and his wife were going on the vacation together.

12. The dates of the planned trip were September 1, 2025, to September 13, 2025.

13. Defendant underwrote the policy, known as Policy # 98555521 ("Insurance Policy").

14. Plaintiff purchased the Insurance Policy and travel tickets on July 8, 2025.

15. Plaintiff paid about $4,400.00 for the Insurance Policy, dubbed as the "Ultimate Travel protection plan."

16. On July 28, 2025, less than three weeks after Plaintiff purchased the vacation, the travel agency informed Plaintiff that a planned disembarkation at Basel, Switzerland was cancelled and that Plaintiff and his wife would have to disembark in Breisach, Germany.

4

17. The disembarkation change required Plaintiff and his wife to travel to a different country than originally planned.

18. At the time, the United States Department of State had a serious advisory for Americans traveling to Germany, specifically that Americans would have to "Exercise Increased Caution" due to the "risk of terrorism."

19. Switzerland, the original planned destination, had no such warning.

20. The change in itinerary caused Plaintiff to experience significant anxiety regarding the requirement that he travel to Germany and physically cross an international land border. The requirement constituted a material departure from the travel conditions Plaintiff originally agreed to when purchasing the trip and the associated insurance coverage.

21. Plaintiff had intended to travel by airplane and cruise, and not by crossing international land borders. The unexpected requirement to enter a different country under these conditions caused Plaintiff substantial concern and distress.

22. On August 1, 2025, only three days after learning of the significant change in plans, Plaintiff cancelled the trip.

23. Plaintiff promptly notified Defendant of the claim and provided supporting documentation, including details of the itinerary change and its impact on his ability to safely complete the trip as originally planned.

24. In addition to the itinerary disruption, Plaintiff experienced acute physical symptoms, including chest pain, shortness of breath, and severe anxiety, shortly after learning of the forced change in disembarkation. These symptoms were serious enough to raise concern for a potential medical emergency.

25. Plaintiff sought medical attention for these symptoms, which were not part of any longstanding or chronic psychological condition, but rather an acute reaction to the sudden and significant change in travel conditions imposed by the cruise line.

26. The symptoms Plaintiff experienced were consistent with a sudden and severe physiological stress response, presenting with physical manifestations that required evaluation to rule out serious medical conditions.

27. Despite receiving notice of Plaintiff's medical condition and the abrupt itinerary change, Defendant failed to conduct a reasonable investigation into the claim and instead relied on boilerplate policy exclusions to deny coverage.

28. Defendant improperly characterized Plaintiff's acute medical episode as a "mental, nervous, or psychological disorder," even though no such diagnosis was made and the symptoms were temporary, situational, and physically manifested.

29. To Plaintiff's shock and surprise, Defendant notified him that the change in itinerary, i.e., requiring Plaintiff to travel to a different country under a strict travel advisory, was not a covered event. Defendant denied Plaintiff's claim.

30. At all relevant times, Plaintiff fully complied with the terms of the Insurance Policy and acted reasonably and in good faith, while Defendant failed to give equal consideration to Plaintiff's interests and wrongfully withheld benefits due under the policy.

31. Defendant materially breached the Insurance Policy by wrongfully denying Plaintiff's claim without a valid or lawful basis. Defendant's denial was not the result of a fair, thorough, or reasonable investigation, but instead reflects a predetermined effort to avoid its contractual obligations.

32. In addition to breaching the Policy, Defendant acted in bad faith by failing to give equal consideration to Plaintiff's interests, misapplying and mischaracterizing policy provisions, and relying on unfounded and pretextual grounds to deny coverage. Defendant's conduct constitutes a conscious and deliberate disregard of Plaintiff's rights under the Insurance Policy.

Complaint

33. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial financial losses, including unreimbursed travel expenses, as well as significant emotional distress, anxiety, and hardship. Defendant's actions have deprived Plaintiff of the very benefits and protections for which he paid, causing damages in an amount to be proven at trial.

## STANDING

34. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. See *Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, 1547.

## FIRST CAUSE OF ACTION

### Breach of Contract

### On Behalf of Plaintiff Against Defendants

35. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

36. Plaintiff was insured under the valid Insurance Policy, issued by Defendant, and was in effect on the date of the loss.

37. Plaintiff paid consideration and fully performed all obligations required to be performed by them under the terms of the Insurance Policy.

8

Complaint

38. Defendant breached the terms of the contract by denying Plaintiff's claim, forcing Plaintiff to file this action.

39. As a direct, proximate, and legal result of Defendant's breach of contract, Plaintiff has been, and continues to be, damaged in an amount about $200,000 or more.

## SECOND CAUSE OF ACTION

## Breach of Implied Covenant of Good Faith and Fair Dealing

## On Behalf of Plaintiff Against Defendant

40. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

41. Plaintiff's Insurance Policy contains an implied covenant of good faith and fair dealing, whereby Defendant agreed to perform their obligations under the Insurance Policy in good faith, to deal with Plaintiff, and not to unreasonably deprive Plaintiff of the benefits due under the insurance policy.

42. Defendant breached the implied covenant of good faith and fair dealing arising from the Insurance Policy by unreasonably denying or withholding benefits due under the Insurance Policy.

43. Despite Plaintiff's demand for fair payment under the Insurance Policy, Defendant intentionally and in bad faith underpaid Plaintiff.

44. Defendant engaged in the course of conduct to further their own economic interest in violation of their obligations to Plaintiff.

9

Complaint

45. Defendant's actions forced Plaintiff to retain legal counsel and file this action.

46. As a direct and proximate result of Defendant's breaches, Plaintiff has been damaged and underpaid for their damages.

**THIRD CAUSE OF ACTION**

**Bad Faith Denial of Insurance Claim**

**On Behalf of Plaintiff Against Defendant**

47. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

48. Defendant had a duty to fairly and reasonably evaluate Plaintiff's claim.

49. Defendant agreed to perform their obligations under the Insurance Policy in good faith, to deal with Plaintiff, and not to unreasonably deprive Plaintiff of the benefits due under the insurance policy.

50. Defendant acted in bad faith under the Insurance Policy by unreasonably denying or withholding benefits due under the Insurance Policy.

51. Despite Plaintiff's demand for fair payment under the Insurance Policy, Defendant intentionally and in bad faith underpaid Plaintiff.

52. Defendant engaged in the course of conduct to further their own economic interest in violation of their obligations to Plaintiff.

53. Defendant engaged in conduct that was malicious, oppressive, and in conscious disregard of Plaintiff's rights.

10

Complaint

54. Defendant's actions forced Plaintiff to retain legal counsel and file this action.

55. As a direct and proximate result of Defendant's bad faith, Plaintiff has been damaged for their damages in an amount exceeding $200,000.

56. Pursuant to California Civil Code § 3294, Plaintiff is entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter Defendant and each of them.

PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

57. For general, compensatory damages,

58. For special damages,

59. For punitive damages,

60. For attorney's fees and costs, and

61. For such further relief as this Court may deem just and proper.

Date:  April 13, 2026                    **SAMO LAW GROUP**

By: *s/ Joseph Samo*
Joseph Samo, Esq.
joe@samolaw.com

11

Complaint